## FREEMAN v. KEMENDO.

(Court of Civil Appeals of Texas. Austin. May 1, 1912. Rehearing Denied June 5, 1912.)

1. CARRIERS (§ 189*)—FREIGHT CHARGES—RECOVERY.

Where one purchasing apples for transportation would not have done so if the freight rate had been properly quoted to him instead of erroneously quoted at a specified rate, the carrier was estopped from claiming a different rate from the quoted rate.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 162, 854, 855, 859–865; Dec. Dig. § 189.*]

2. CARRIERS (§ 189*)—FREIGHT CHARGES—RECOVERY.

Where carriers had not agreed on rates for interstate shipments and no rates were published as required by Interstate Commerce Act (Act Feb. 4, 1887, c. 104, § 6, 24 Stat. 380, as amended by Act March 2, 1889, c. 382, § 1, 25 Stat. 855, and by Act June 29, 1906, c. 3591, § 2, 34 Stat. 586 [U. S. Comp. St. Supp. 1911, p. 1289]), a rate quoted for an interstate shipment and acted on by the shipper must govern and the carriers, partners in the transaction, could not recover a higher rate.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 162, 854, 855, 859–865; Dec. Dig. § 189.*]

Error from District Court, McLennan County; Tom L. McCullough, Judge.

Action by T. J. Freeman, receiver of the International & Great Northern Railroad Company, against V. Kemendo. There was a judgment granting insufficient relief, and plaintiff brings error. Affirmed.

Baker & Baker and Walton D. Taylor, all of Waco, for plaintiff in error. John W. Davis, of Waco, for defendant in error.

RICE, J. This suit was brought by plaintiff in error as receiver of the International & Great Northern Railroad Company against defendant in error to recover the sum of $299.15 as freight charges on a car load of apples weighing 31,829 pounds, at 94 cents per hundredweight, purchased by defendant in error at Albuquerque, N. M., and consigned to him at Waco, Tex.; it being alleged that said rate was the regular interstate rate between said points authorized by the Interstate Commerce Commission, which had been duly published and posted as required by the act establishing that commission.

Defendant in error answered that prior to the purchase of said apples he had been offered the same character of apples from Utah, with a freight rate of 62 cents per hundredweight, and, when approached by the seller, informed him of this fact, stating that he would buy from him provided he could obtain the same freight rates from Albuquerque, and thereupon proceeded with the agent of the seller to the office of plaintiff in error. Finding no published rate posted at said office, he made inquiry of the agent of plaintiff in error as to said rate, who informed him that the rate from Albuquerque to Waco would be 62 cents per hundredweight. Relying upon this statement, the order was made and the apples shipped over plaintiff in error's line. Upon their arrival at Waco, the same were delivered by plaintiff in error to him without the payment of freight in accordance with the custom prevailing there; that, if he had known that a greater rate would have been charged, he would not have made the order, and would have declined to pay for said apples upon their arrival; that, before plaintiff in error demanded payment of the freight bill, he had disposed of most of said apples, but tendered him at said time $197.50, being the amount of freight due at the rate of 62 cents per hundredweight, which was declined by plaintiff in error, and which amount was deposited in the registry of the court as a tender. He likewise pleaded the difference between said amounts, to wit, $101.65 in reconvention as damages.

A trial before the court without a jury resulted in judgment in favor of plaintiff for the full amount sued for, and also in favor of defendant in error on his plea in reconvention for the amount claimed, taxing the costs against plaintiff in error, from which judgment this appeal is prosecuted.

[1] It is contended on the part of plaintiff in error that this judgment is erroneous, first, because, as he contends, defendant in error had sustained no damage, and therefore recovery ought not to have been allowed on his plea in reconvention. We think there is no merit in this contention because it is evident that defendant would not have ordered the apples if the freight rate had been properly quoted to him, for it appears he

could have purchased the same apples elsewhere, paying a freight rate of 62 cents per hundredweight, for which reason he was damaged to the extent of the amount allowed, which was occasioned by the fault of plaintiff in error, and therefore he was estopped from claiming a different rate from that quoted. Hence we overrule the first two assignments predicated upon this contention.

[2] It is likewise asserted on the part of plaintiff in error that defendant in error was not entitled to recover any amount under his plea in reconvention because the established rate was fixed by the Interstate Commerce Commission, and therefore it was unlawful for it to charge a less rate; hence there was no basis upon which defendant in error could recover the difference between the regular rate and the rate quoted. This would be true if it had been shown that the plaintiff in error and his connecting lines had a fixed rate which had been recognized by the Interstate Commerce Commission and published and posted in accordance with that act, but the evidence fails to show that there was any such rate agreed upon between plaintiff and his connecting lines, or established by the Interstate Commerce Commission, and shows affirmatively that there was no such rate published or posted as required by said act. See Interstate Commerce Act 1887, c. 104, § 6, 24 Stat. 380, amended by Act March 2, 1889, c. 382, 25 Stat. 855, and Act June 29, 1906, c. 3591, § 2, 34 Stat. 586 (U. S. Comp. St. Supp. 1911, p. 1289), amendatory thereof. For which reason we think that the quoted rate should control and govern. See A. K. & N. R. Ry. Co. v. Horne, 106 Tenn. 73, 59 S. W. 134. This ruling does not in any sense in our judgment contravene the ruling in the case of T. & P. Ry. Co. v. Mugg & Dryden, reported in 202 U. S. 242, 26 Sup. Ct. 628, 50 L. Ed. 1011, because in that case it appears that the railway company had fully complied with the law establishing a higher rate under said act of Congress, and could not therefore receive or accept a less amount; and, having complied with said law as to posting the tariff, the shipper was governed thereby and had no right to rely upon the statement of the agent quoting him a lower rate.

In the present case it clearly appearing that the shipper went to the office of the carrier and made inquiry for the published tariffs, and the carrier not having published them, therefore the shipper could not get the desired information therefrom. Nothing remained for him to do but to make inquiry of the agent of the carrier, which he did. And under the circumstances we conclude that he had the right to rely upon said rate so quoted to him; it having been alleged by defendant and not denied under oath by plaintiff that the plaintiff and his connecting carriers were partners in said transaction. We think, therefore, there was no error in holding, as the court did, that defendant was authorized to set off as against plaintiff's demand his claim in reconvention, to wit, the difference between the quoted rate and the rate claimed by the company.

Finding no error in the judgment of the court below, the same is in all things affirmed.

Affirmed.